**FILED**

**JANUARY 22, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| LA GALERA PRODUCE, LLC an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | |
| THE AUSTER COMPANY, INC.  and THOMAS BASTOUNES, in his individual capacity, | ) ) ) | |
| Defendants | ) ) ) | |

**08 C 476**

**JUDGE LINDBERG
MAGISTRATE JUDGE VALDEZ**

**COMPLAINT**

For its Complaint, La Galera Produce, LLC, respectfully states as follows:

**THE PARTIES**

1.      Plaintiff is La Galera Produce, LLC ("Plaintiff"), which maintains offices in Chicago, Illinois.

2.      Plaintiff sells wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

3.      Defendants are:

a)  The Auster Company, Inc. ("Company"), which maintains offices in Chicago, Illinois and is an entity that purchased and/or sold Produce in wholesale or jobbing quantities;

b) Thomas Bastounes ("Principal"), in his individual capacity, and a person in a position to control the Company,

(The Company and Principal are collectively referred to as "Defendants")

**JURISDICTION AND VENUE**

4.        The District Court has jurisdiction over this civil action arising under § 5(c)(5) of

the Perishable Agriculture Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(5), pursuant to 28

U.S.C. § 1331.  The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to

28 U.S.C. § 1367(a).

5.        Venue in this District is based on 28 U.S.C. § 1391(b) because a substantial part

of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**FACTUAL ALLEGATIONS**

6.        Plaintiff sold to Defendants and Defendants purchased from Plaintiff, Produce

having a current total aggregate value in the amount of $24,931.69[1] plus further interest and

collection costs, including attorney's fees.

7.        The Produce identified above was sold pursuant to the invoices issued by Plaintiff

summarized in the chart attached hereto as Exhibit A.

8.        Defendants received from the Plaintiff the invoices referenced in paragraph 7.

9.        The Plaintiff sent to Defendants, and Defendants received and accepted, the

Produce identified in the invoices referenced in paragraph 7.

10.        Defendants failed to pay the Plaintiff for its Produce despite repeated written

demands.

11.        Plaintiff is an unpaid supplier or seller of Produce having sold Produce to

Defendants for which Plaintiff remains unpaid.

12.        Plaintiff operated its business under a valid PACA license issued by the United

States Department of Agriculture ("USDA") and its invoices contained the required statutory

---

[1] All references to this amount include interest and estimated collection costs as itemized with current invoice
balance in the chart attached in Exhibit A.

language and were sent to Defendants within the statutory time limits, sufficient to preserve

Plaintiff's PACA trust rights.

13.     Defendants operated the business under a PACA license issued by the USDA that

was valid at the times Defendants purchased Produce from Plaintiff or engaged in sufficient

Produce transactions to be subject to PACA.

14.     Pursuant to PACA, 7 U.S.C. § 499e(c), Plaintiff is a beneficiary of a statutory

trust *res* designed as a fund from which it can be assured payment.  The trust became effective at

the time Defendants first began accepting shipments of Produce.

## COUNT I.

### ENFORCEMENT OF THE PACA TRUST
### 7 U.S.C. § 499e(c)(4)

### The Defendants

15.     Plaintiff re-alleges paragraphs 1 through 14.

16.     The Defendants are in possession, custody and control of PACA trust assets for

the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

17.     The Defendants failed to pay Plaintiff from the PACA trust assets for the

shipments of Produce referenced in paragraph 7.

18.     The Defendants failed to maintain sufficient trust assets to fully satisfy all

qualified PACA trust claims such as the Plaintiff's unpaid claims asserted in this action.

19.     As a direct result of the Defendants' failure to properly protect the PACA trust

assets from dissipation, Plaintiff suffered damages, which are covered under the PACA trust in

the current amount of $24,931.69.

20.    Plaintiff seeks the entry of an Order directing the Defendants to immediately turn over to Plaintiff, as beneficiary of this trust, an amount of the PACA trust *res* equal to the sum of $24,931.69, plus further interest and collection costs, including attorney's fees.

## COUNT II.

### BREACH OF CONTRACT

### The Company

21.    Plaintiff re-alleges paragraphs 1 through 14.

22.    Plaintiff and the Company entered into contracts under which Plaintiff agreed to sell the Produce and the Company agreed to purchase the Produce, referenced in paragraph 7 above.

23.    The Company failed to pay for each shipment of Produce in the aggregate amount of $24,931.69.

24.    Plaintiff seeks entry of an Order directing the Company to immediately pay the current sum of $24,931.69 to the Plaintiff, plus further interest and collection costs, including attorney's fees.

## COUNT III.

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

### The Principal

25.    Plaintiff realleges paragraphs 1 through 14.

26.    At all times relevant to this action, the Principal was a person in a position to control substantially all aspects of the Company's business undertakings.

27.    At all times relevant to this action, the Principal was a person engaged in the business of buying or selling Produce.

28.     Principal controlled and managed the Company's business operations and had control over the Company's financial dealings, including those involving the PACA trust assets.

29.     Principal had full knowledge and responsibility for the handling of the Company's PACA trust undertakings.

30.     Principal was a statutory trustees of the PACA trust and was required to maintain the trust assets in such a manner as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as that owed to Plaintiff.  As a trustee of the PACA trust, Principal held a fiduciary relationship with Plaintiff.

31.     Because Plaintiff's invoices have not been paid from PACA trust assets as its bills fell due, Plaintiff has reason to believe Principal dissipated the PACA trust or transferred trust assets to entities having claims which are subordinate to the Plaintiff's claims to the detriment of the Plaintiff and all other equally situated and properly qualified PACA trust beneficiaries.

32.     Principal continues to hold any and all PACA Trust assets having come into his individual possession as trustee for Plaintiff's beneficial interests in the PACA Trust.

33.     Principal is personally liable to Plaintiff, which liability is joint and several with any third parties having received any PACA trust assets with actual or constructive notice of the breach of the PACA trust, for the dissipation of the PACA trust to the extent of $24,931.69, plus further interest and collection costs, including attorney's fees, to be satisfied from the personal assets of the Principal.

## COUNT IV.

### PERSONAL LIABILITY FOR CORPORATE OFFICER

### The Principal

34.     Plaintiff realleges paragraphs 1 through 14.

35.     On information and belief, prior to the transactions between the parties, the Illinois Secretary of State administratively dissolved the Company.

36.     After it had been dissolved as a corporate entity, the Company purchased Produce from the Plaintiff and failed to pay for the Produce.

37.     Principal is personally liable for the debts the Company incurred while it was dissolved.

38.     Plaintiff seeks entry of an Order directing the Principal to immediately pay the current amount due, $24,931.69, plus further interest and collection costs, including attorney's fees.

**FOR THESE REASONS,** Plaintiff seeks the entry of an Order providing as follows:

A)     As to Count I, directing the Defendants to assign, transfer, deliver and turn over to Plaintiff, or a designated escrow agent, all of the above described PACA trust assets sufficient to allow liquidation of such assets to the extent necessary to replenish the PACA trust to a sufficient level to satisfy any and all qualified PACA trust claims.

B)     As to Count I, entering a Final Judgment in favor of Plaintiff and against the Defendants, on a joint and several basis,  in the current amount of $24,931.69, plus further interest and collection costs, including attorney's fees, less any actual recovery on other Counts herein;

C)     As to Count II, entering a Final Judgment in favor of Plaintiff and against the Company in the current amount of $24,931.69, plus further interest and collection costs, including attorney's fees, less any actual recovery on other Counts herein;

D)     As to Count III, entering a Final Judgment in favor of Plaintiff and against Principal, on a joint and several basis with the Company in Count I, finding that Principal's acts were a breach of his fiduciary duties to the PACA trust beneficiaries, resulting in a defalcation while acting in a fiduciary capacity, with damages to Plaintiff in the current amount of $24,931.69, plus further interest and

collection costs, including attorney's fees, less any actual recovery on other Counts herein, and;

E)      As to Count IV, entering a Final Judgment in favor of Plaintiff and against Principal, with damages to Plaintiff in the current amount of $24,931.69, plus further interest and collection costs, including attorney's fees, less any actual recovery on other Counts herein, and;

F)      Providing such other relief this Honorable Court deems necessary.

Respectfully Submitted,

LA GALERA PRODUCE, LLC

By: s/Gretchen Wehrenberg Stewart
        One of Its Attorneys

Gretchen Wehrenberg Stewart, Esq.
ADELMAN LAW OFFICES, P.C.
1901 N. Roselle Rd., Ste. 800
Schaumburg, IL 60195
Tel: 847/301-4341
stewart@pacaenforcer.com